UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILMINGTON TRUST,
NATIONAL ASSOCIATION,

    Plaintiff,

v.

RUTH VEPRIN, *et al.*,

    Defendants.

Case No. 25-cv-11140
Hon. Matthew F. Leitman

_____/

# ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND SUMMONS AND TO ALLOW ALTERNATE SERVICE (ECF No. 8)

In this action, Plaintiff Wilmington Trust, National Association, as Trustee, for the benefit of the registered holders of Wells Fargo Commercial Mortgage Trust 2021-C61, Commercial Mortgage Pass-Through Certificates, Series 2021-C61 ("Plaintiff"), alleges that Defendants Ruth Veprin, Norman Berris, and Jeffrey Berris have failed to comply with the terms of a loan guarantee that the Defendants executed. (*See* Compl., ECF No. 1.) Plaintiff has served its Complaint on Veprin and Jeffrey Berris (*see* Certificates of Service, ECF Nos. 6, 7), but it has been unable to serve Norman Berris.

Accordingly, on June 13, 2025, Plaintiff filed a motion for alternate service. (*See* Mot., ECF No. 8.) In that motion, Plaintiff asks the Court for permission to

1

serve Norman Berris by (1) First Class Mail to his last known address and (2) posting on the entrance of his home. (*See id.*, PageID.128.) For the reasons explained below, Plaintiff's motion is **GRANTED**.[1]

# I

## A

Federal Rule of Civil Procedure 4(e)(1) provides that "an individual may be served in a judicial district of the United States by following state law for serving a summons in an action brought in the courts of general jurisdiction in the state where the district court is located or where service is made." In turn, Michigan Court Rule 2.105 governs service of process in the State of Michigan. That rule provides in relevant part that process may be served on a resident or non-resident individual by:

1. delivering a summons and a copy of the complaint to the defendant personally; or

2. sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

Mich. Ct. Rule 2.105(A)(1)-(2).

---

[1] The Court concludes that it may resolve this motion without oral argument. *See* E.D. Mich. Local Rule 7.1(f)(2).

Michigan Court Rule 2.105(J) further provides that alternate service may be appropriate under some circumstances:

1. On a showing that service of process cannot reasonably be made as provided by this rule, the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard.

2. A request for an order under the rule must be made in a verified motion dated not more than 14 days before it is filed. The motion must set forth sufficient facts to show that process cannot be served under this rule and must state the defendant's address or last known address, or that no address of the defendant is known. If the name or present address of the defendant is unknown, the moving party must set forth facts showing diligent inquiry to ascertain it. A hearing on the motion is not required unless the court so directs.

3. Service of process may not be made under this subrule before entry of the court's order permitting it.

Mich. Ct. Rule 2.105(J).

In Michigan, alternate service "is not an automatic right." *Krueger v. Williams*, 300 N.W.2d 910, 915 (Mich. 1981). "A truly diligent search for an absentee defendant is absolutely necessary to supply a fair foundation for and legitimacy to the ordering of substituted service." *Id.* at 919.

**B**

The Court concludes that Plaintiff's motion, supported by the affidavit of its process server (*see* Aff., ECF No. 8-2), satisfies the requirements for alternate

service described above. First, Plaintiff has sufficiently shown that service of Norman Berris "cannot reasonably be made" under the usual methods for service of an individual under the Michigan Court Rules. Mich. Ct. Rule 2.105(I)(1). Plaintiff has attempted to personally serve Norman Berris at least five separate times, all without success. (*See* Affidavit of Process Server Carlos Abrego, ECF No. 8-2, PageID.134.) On several of those occasions, the process server reported that even though nobody answered the door of Norman Berris' home, the process server could hear "movement [from] behind [the] door" of the home. (*Id.*) The process server further suspects that security at the private community where Norman Berris lives may have given Berris a "heads up not to open the door" before he arrived. (*Id.*)

Second, as required under Michigan Court Rule 2.105(2), Plaintiff submitted a motion that is dated within 14 days of filing, and it was supported by the affidavit of its process server and other evidence. (*See* Mot., ECF No. 8.) The motion and supporting documents provided evidence that Plaintiff has not been able to successfully serve Norman Berris despite diligent efforts. The motion also includes Berris' last known address. (*See* ECF No. 8-3.)

Finally, the ways in which the Court will require Plaintiff to serve Norman Berris – *i.e.*, by First Class Mail and by posting at Berris' last known residential address – are "reasonably calculated to give [Berris] actual notice of the proceedings and an opportunity to be heard." Mich. Ct. Rule 2.105(I)(1).

Accordingly, for all the reasons stated above, Plaintiff's motion to extend the Summons and for alternate service (ECF No. 8) is **GRANTED** as follows. The Summons for Norman Berris is **EXTENDED** through August 22, 2025. In addition, Plaintiff shall serve Norman Berris by the following methods:

- Mailing a copy of (1) the Summons, (2) the Complaint, and (3) this order, via First Class Mail, to Berris' residential address identified in Plaintiff's motion; and

- Posting a copy of (1) the Summons, (2) the Complaint, and (3) this order on the entrance of Berris' residential address.

Plaintiff shall also file a Certificate of Service with the Court after it serves Norman Berris as directed in this order.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  June 16, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 16, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126